BOUTALL, Judge.
The plaintiff appeals the grant of summary judgment to the defendant and the dismissal of its own motion for summary judgment. We reverse in part.
Apex Personnel Consultants, Inc., sued Gerald T. LaBorde for recovery of the fee due it as a private employment agency for successfully finding a secretary for defendant. Defendant conceded the fact of employment but contended that no fee can be demanded of him because it would constitute a violation of the Louisiana Right to Work Law. To this end, he filed a motion for summary judgment and plaintiff in turn filed a motion for summary judgment against him. The trial consisted of statements of counsel (Mr. LaBorde represented himself) and the testimony of plaintiff’s president. The court held that the Louisiana Right to Work Law was broad enough to cover the type of activities conducted by plaintiff and granted summary judgment in favor of the defendant dismissing plaintiff’s suit. Plaintiff’s motion for summary judgment was itself dismissed.
*525 While we agree that there appears to be some overlapping between the activities covered by the Right to Work Law and the activities covered in the Private Employment Agency Law, the activities in this case come only under the Private Employment Agency Law.[1]
The facts are that plaintiff is licensed under L.R.S. 23:101 et seq., under a Part of the Revised Statutes entitled Private Employment Agencies. That Part provides for a system of licensing and supervision of private employment agencies and sets out the activities permitted and prohibited to such agencies. The definition of an employment agency is set out in R.S. 23:102 which we quote in pertinent part:
“A. Except as hereinafter provided, any person who:
(1) contracts for the employment or placement of applicants, for employment; or
(2) directly or indirectly charges, solicits, collects or accepts, if tendered by the applicant seeking employment or by the employer giving employment any sum, fee or percentage of wages earned or to be earned, as a remuneration shall be deemed an employment agency.
* * * * * *
C. The provisions of this Act (Part) shall not apply to the operations of any lawful hiring hall system operated by a labor union, any lawful referral system operated by a labor union or to the operation of any labor organization, its officers, agents, employees and members.”
The question presented on this summary judgment is whether this plaintiff is in violation of the Right to Work Law which is set out in another Part of Title 23, R.S. 23:981 et seq. The purpose of that law is expressed in the policy declaration of Section 981 as follows:
“981. Declaration of public policy.
It is hereby declared to be the public policy of Louisiana that all persons shall have, and shall be protected in the exercise of the right, freely and without fear of penalty or reprisal, to form, join and assist labor organizations or to refrain from any such activities.”
There follows the definition of a labor organization to which the law applies and the sections which prohibit payment of fees. We quote:
“982. Labor organization.
The term ‘labor organization’ means any organization of any kind, or agency or employee representation committee, which exists for the purpose, in whole or in part, of dealing with employers concerning wages, rates of pay, hours of work or other conditions of employment.
983. Freedom of choice.
No person shall be required, as a condition of employment, to become or remain a member of any labor organization, or to pay any dues, fees, assessments, or other charges of any kind to a labor organization.
984. Certain agreements declared illegal.
Any agreement, understanding or practice, written or oral, implied or expressed, between any employer and any labor organization in violation of the provisions of this Part is hereby declared to be unlawful, null and void, and of no legal effect.”
Comparing the applicable law, it seems readily apparent that certain activities of labor organizations would fall within the activities encompassed in the Employment Agency Law, and in obvious recognition of this the legislature has exempted labor organizations from the provisions of the Employment Agency Law. Conversely, there is no statutory exemption of employment agencies from the Right to Work Law, and the question becomes whether the definition of labor organizations expressed in Section 982 covers the activities of this plaintiff.
*526 The facts are that plaintiff is a licensed employment agency which was regulated by the Commission of Labor and the Louisiana Private Employment Agency Advisory Counsel under the provisions of R.S. 23:101 et seq. The defendant asked plaintiff and other employment agencies if one could provide a qualified secretary and plaintiff sent to the defendant an applicant who was hired. Although the plaintiff inquired as to the amount of wages, hours, etc., there was no attempt to discuss them with a view to change them or recommend any changes. Plaintiffs sole function was to simply ascertain information from the prospective employer and transmit this information to the prospective applicant or employee who then presented herself to the defendant for possible employment. We conclude that these activities are insufficient to bring plaintiff under the definition of labor organization as statutorily defined.
We say this for two reasons. The first is that plaintiff is not “dealing with employers” concerning the enumerated items. The statute itself does not offer a definition of the words “dealing with” and thus the words should be given their ordinary usage. We feel that the definition should be given as broad a scope as possible but note that ordinarily to deal with is considered as meaning to transact business with or to make arrangements or negotiate with, generally to attain a desired result by a combination of interested parties. We also note the definition of remarkably similar wording contained in the National Labor Relations Act, 29 U.S.C.A. Section 152(5), which may have served as a source of the definition in the Right to Work Act. The Supreme Court of the United States in the case of National Labor Relations Board v. Cabot Carbon Company, 360 U.S. 203, 79 S.Ct. 1015, 3 L.Ed.2d 1175 (1959) reversed the decision of the United States Court of Appeal Fifth Circuit (256 F.2d 281 (1958)), and held that the broad term “dealing with” should not be limited to and mean only “bargaining with” as held by the Court of Appeal, and that an organization that only discussed with and made recommendations and requests was included within the act. As noted, because of the policy declaration in the Right to Work Act, we feel we should give the definition its broadest scope. However the facts in this case are that there was no discussion and only a communication of information.
The second reason for our conclusion is that the matter comes before us simply on summary judgment, and appellant argues that there is a conflict between the two statutes which renders one statute inoperable. To rule on this issue would require more facts and information than is presented on this record. Our appellate courts have stated numerous times that summary judgment cannot be used as a substitute for trial on the merits. For the reasons above enumerated, we hold that the uncontested facts do not warrant summary judgment in favor of defendant, and we would reverse the trial court.
The other issue before us is the appeal of the dismissal of plaintiff’s motion for summary judgment. Code of Civil Procedure Article 968 provides that an appeal does not lie from the court’s refusal to render any judgment on a motion for summary judgment and we shall comply with that article. See Bourgeois v. Brown & Root, Inc., 303 So.2d 217 (La.App. 4th Cir. 1974); Bruno v. Hartford Accident and Indemnity Company, 337 So.2d 241 (La.App. 3rd Cir. 1976). Accordingly, we do not consider this aspect of the appeal.
For the reasons above assigned, the summary judgment rendered in favor of plaintiff is reversed and judgment is rendered in favor of plaintiff dismissing defendant’s motion for summary judgment. This matter is remanded to the trial court for such further proceedings as may be appropriate. Costs of this appeal are to be assessed by the trial court on its final disposition of the case.
REVERSED AND REMANDED.

. The employment took place on September 6, .1979, and we consider that to be the controlling date of the effective statutory laws.